IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ANDREW STEPHEN DRAZDIK, JR. ) | |
| ) | Civil No. 20-549 |
| Plaintiff. ) | |

**OPINION and ORDER**

Andrew Stephen Drazdik, Jr., proceeding pro se, commenced this action on April 15, 2020, by filing a five-page "Complaint: Civil Action 28 U.S. Code 398 (equitable defense & relief in action at law) are superseded," attaching five exhibits. ECF No. 1. After review of the Complaint and attached exhibits it appears to the Court that Mr. Drazdik has not identified any coherent claim, or claim for relief, against any party. Mr. Drazdik also does not state in his Complaint who he is suing. On the Civil Cover Sheet, however, under the section for "Basis of Jurisdiction," he has checked the box indicating that the U.S. Government is the Defendant. ECF No. 1-6. The Complaint, however, does not specify the conduct, actions, or incidents on which any alleged claim against the United States or any other party is based. The Complaint simply does not contain a coherent factual narrative. In fact, the complaint is devoid of any sound basis to infer or assume that any person or entity committed an actionable wrong against Mr. Drizdak.

Throughout the Complaint Mr. Drazdik identifies various Federal Rules of Civil Procedure, Federal Statues, and the Code of Federal Regulations without connecting them to any alleged conduct or identifiable incident. For example, at the outset of the Complaint Mr. Drazdik refers to Federal Rule of Civil Procedure 3 regarding "commencing an action." Immediately following the reference to Rule 3, is a confusing paragraph entitled "Jurisdiction," followed by brief, incoherent, references to the federal diversity statute, the Civil RICO statue, federal

obscenity statutes (including the statute setting forth the record keeping requirements for persons producing sexually explicit conduct), the Governor of Ohio, the criminal statue concerning incidents of insurance conduct affecting interstate commerce, and the federal civil rights statute. None of the references in this exemplar paragraph provide any factual statements describing the alleged conduct, events, or behavior upon which Mr. Drizdak bases any unidentified claim. Nor does Mr. Drizdak indicate when the alleged actionable incidents occurred. The remaining paragraphs are similarly devoid of factual statements or claims. In his Complaint, Mr. Drizdak continues to refer to seemingly random statutes and rules, which are unattached to a coherent factual narrative of what happened, by whom, when, and what harm or injury occurred. Mr. Drazdik includes four paragraphs of "Relief," but again the language provided under each "Relief" claim is an incomprehensible and unconnected citation to federal rules and statutes, along with identification of several entities in Japan, a bank in Ohio, the United States Postal Inspector, and the Internal Revenue Service Civil Rights Division. Further confusing the matter, Mr. Drazdik has indicated in his Civil Cover Sheet that the "Nature of Suit" is "Banks and Banking." ECF No. 1-6. While it appears that Mr. Drizdak is complaining of some action or actions by some unidentified actor or actors related to some activity affecting interstate commerce, perhaps related to banking or insurance activity, and perhaps related to the production or viewing of sexually explicit activity, it is impossible to glean the crux of the Complaint at all. The attached Exhibits do not offer any help in deciphering the Complaint, as they too consist of unconnected citations to legal authority and incomprehensible averments devoid of facts identifying the who, what, when, and where of the alleged claims.

     A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to

relief," and "a demand for the relief sought." Fed.R.Civ.P. 8(a)(1), (2), and (3). The instant Complaint does not provide the information required by Rule 8. A Complaint that contains no discernible facts or narrative explaining the events giving rise to the complaint, and that fails to comply with Rule 8, is properly dismissed. *Roy v. Supreme Court of United States of America.,* 484 F.App'x 700, 700 (3d Cir.2012) (agreeing with District Court that the complaint was incomprehensible and failed to comply with Rule 8). In fact, Mr. Drizdak's Complaint is not capable of being evaluated as to whether it states a claim under Rule 8. It clearly does not pass "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Mr. Dirzdak's allegations do not even to rise to the level of an (insufficient) "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the Complaint must be dismissed.

      Finally, the Court must consider whether to grant leave to amend the complaint before dismissal. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002). "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Id.* Here, in light of the incomprehensibility of the Complaint, dismissal without leave to amend may be appropriate. *Roy*, 484 F.App'x at 700 (agreeing with District Court that leave to amend was not required given the incomprehensible complaint). However, it is premature to conclude that granting Mr. Drizdak leave to amend would be futile. Mr. Drizdak appears to have nominally identified the United States government as the Defendant and has cited to statutes upon which a claim may be based, therefore leave to amend the Complaint will be permitted.

      Accordingly, the following order is hereby entered.

**<u>ORDER</u>**

AND NOW, this 28th day of April, 2020, for the reasons set forth above, it is hereby ORDERED that Plaintiff's Complaint is **DISMISSED**. Plaintiff is granted leave to file an amended complaint consistent with this Opinion no later than <u>May 22, 2020</u>. If no amended complaint is filed, this case will be closed

BY THE COURT:

_____
Marilyn J. Horan
United States District Court Judge

cc:   Andrew Stephen Drazdik, Jr., pro se
      313 SUNVIEW AVE
      JEANETTE, PA 15644