**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW STEPHEN DRAZDIK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 20-549 |
| | ) |
| DIRECTOR INTERNAL REVENUE SERVICE, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

On April 15, 2020, Andrew Stephen Drazdik, Jr., pro se, filed a five-page document, which he titled, "Complaint: Civil Action 28 U.S. Code 398 (equitable defense & relief in action at law) are superseded," to which he attached five exhibits. ECF No. 1. Following review, the Court dismissed the Complaint for failing to comply with Rule 8. Opinion and Order, Apr. 28, 2020, ECF No. 3. The Court also noted that Mr. Drazdik did not identify a defendant and that the Complaint did not set forth any coherent claim against any party. Mr. Drazdik was given leave to file an amended complaint by May 22, 2020. On May 5, 2020, Mr. Drazdik timely filed an Amended Complaint. ECF No. 4. Following review of the Amended Complaint and attached exhibits, the Court dismissed the Amended Complaint because it failed to comply with Rule 8, and because Mr. Drazdik again failed to set forth a discernible claim. Mem. Order, May 7, 2020, ECF No. 5. Mr. Drazdik was given leave to file a second amended complaint by May 29, 2020.

On May 19, 2020, Mr. Drazdik timely filed a Second Amended Complaint. ECF No. 6. Mr. Drazdik finally identified the Defendants being sued; however, the Second Amended Complaint and attached Exhibits fail to set forth a discernible claim. The Second Amended Complaint does not comply with Rule 8's directive that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed.R.Civ.P. 8(a)(1), (2), and (3). As was the case with the initial Complaint and Amended Complaint, the Second Amended Complaint does not set forth any coherent claim or claim for relief against any party. It does not allege what harm was committed, who committed it, and when or where the alleged conduct occurred. The Second Amended Complaint and the nine attached Exhibits refer to seemingly random statutes and rules with no coherent factual narrative. As was the case with the prior complaints, the Second Amended Complaint is devoid of any sound factual or legal basis to infer or assume that any person or entity committed an actionable wrong against Mr. Drazdik. As such, the Second Amended Complaint is properly dismissed for failing to comply with Rule 8. *Roy v. Supreme Court of United States of America.,* 484 F.App'x 700, 700 (3d Cir.2012) (agreeing with District Court that the complaint was incomprehensible and failed to comply with Rule 8).

As regards whether to grant leave to file a Third Amended Complaint, given the incomprehensibility of the Second Amended Complaint, and Plaintiff's two prior opportunities to amend to correct the deficiencies, dismissal without leave to amend is warranted. *Roy*, 484 F.App'x at 700 (agreeing with District Court that leave to amend was not required given the incomprehensible complaint). In this case, a Third Amended Complaint would be futile. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) (leave to amend need not be

permitted when amendment would be futile).  The Second Amended Complaint will be dismissed with no leave to amend.

AND NOW, this 11th day of June, 2020, it is hereby ORDERED that Plaintiff's Second Amended Complaint is hereby **DISMISSED** for failure to state a claim.

BY THE COURT:

Marilyn J. Horan
United States District Court Judge

cc: Andrew Stephen Drazdik, Jr., pro se
313 SUNVIEW AVE
JEANETTE, PA 15644